Glenn R. Kantor – SBN 122643
Email: gkantor@kantorlaw.net
Corinne Chandler – SBN 111423
Email: cchandler@kantorlaw.net
Andrew M. Kantor – SBN 303093
Email: akantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, California, 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
Nicholas Zakas

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE

| | |
|---|---|
| NICHOLAS ZAKAS,<br><br>    Plaintiffs,<br><br>v.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, AND BOX, INC. HEALTH & WELFARE PLANS,<br><br>    Defendants. | **Case No.:**<br><br>**COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POST JUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS** |

Plaintiff Nicholas Zakas herein sets forth the allegations of his Complaint against The Guardian Life Insurance Company of America and Box, Inc. Health & Welfare Plans (hereinafter sometimes referred to as "defendants").

**JURISDICTIONAL AND VENUE ALLEGATIONS**

1.    Plaintiff brings this action for declaratory and monetary relief pursuant to §§502(a)(1)(B) and 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA") and 29 U.S.C. §§1132(a), (e), (f) and (g), as it involves a claim by plaintiff for employee benefits under an employee benefit plan regulated and governed

by ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2.  This action is brought for the purpose of recovering short and long term disability benefits under the terms of an employee short term and long term health and welfare plan, enforcing plaintiff's rights under the terms of a short term and long term health and welfare plan, and to clarify plaintiff's rights to future benefits under an short term and long term health and welfare plan. Plaintiff seeks relief, including but not limited to, payment of benefits, prejudgment and post-judgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

3.  Plaintiff was at all times relevant an employee of Box, Inc. and a resident of the County of Santa Clara, State of California.

4.  Plaintiff is informed and believes that defendant, The Guardian Life Insurance Company of America (hereinafter "The Guardian"), is a corporation with its principal place of business in the State of New York, authorized to transact and transacting business in the Northern District of California and can be found in the Northern District of California.

5.  Plaintiff is informed and believes that Box, Inc. insured its STD and LTD plans in whole or in part via the purchase of a short term and long term disability insurance policies through The Guardian. The Guardian is the insurer of all or some portion of benefits under the Box, Inc. Health & Welfare Plans ("the STD and LTD Plans"). The Guardian administered the claims, interpreted Plan terms, and issued a claim denial, all while operating under a conflict of interest; and the bias this created adversely affected the claims determination.

6.  Plaintiff is informed and believes that The Guardian identifies the group short term and long term disability policy it issues to Box, Inc. as Group Policy No. G- 00463378-HC.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

7. Plaintiff is informed and believes that the Policy was intended by Box, Inc. and The Guardian to insure citizens of the State of California, including plaintiff herein, Nicholas Zakas.

8. Plaintiff is informed and believes that the Policy was in effect after January 1, 2012. The policy had a contract year from January 1, 2011 to January 1, 2012.

9. The Policy was renewed after January 1, 2012.

10. Plaintiff is informed and believes that the Policy had an anniversary date after January 1, 2012.

11. Plaintiff is informed and believes that the STD and LTD Health & Welfare Plans are employee welfare plans regulated by ERISA, established by Box, Inc., under which plaintiff is and was a participant, and pursuant to which plaintiff is entitled to STD and LTD benefits. Pursuant to the terms and conditions of the Plan, plaintiff is entitled to STD and LTD benefits for the duration of plaintiff's disability, for so long as plaintiff remains disabled as required under the terms of the STD and LTD Plans. The Plans are doing business in this judicial district, in that they cover employees residing in this judicial district.

12. Defendants operate and, at all relevant times, have done business in this judicial district, in that they cover participants who reside in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

//
//
//
//
//
//
//
//

# FIRST CAUSE OF ACTION
# AGAINST THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA AND BOX, INC. HEALTH AND WELFARE PLANS
# FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS
# (29 U.S.C. § 1132(a)(1)(B))

13. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

14. At all times relevant, Plaintiff was employed by Box, Inc., and was a covered participant under the terms and conditions of the STD and LTD Plans. The STD and LTD plans were insured by defendant The Guardian, and The Guardian was also the Plan claims administrator and made all decisions to pay or deny benefit claims.

15. During the course of plaintiff's employment, plaintiff became entitled to benefits under the terms and conditions of the STD and LTD Plans. Specifically, while plaintiff was covered under the STD and LTD Plans, plaintiff suffered a disability rendering plaintiff disabled as defined under the terms of the STD and LTD Plans.

16. Pursuant to the terms of the STD and LTD Plans, plaintiff made a claim to The Guardian for STD and LTD benefits under the STD and LTD Plans. Specifically, while plaintiff was covered under the STD and LTD Plans, plaintiff suffered a disability rendering plaintiff disabled as defined under the terms of the STD and LTD Plan. Plaintiff's medical leave resulting from his disabling condition commenced on or about February 12, 2016.  Around that time, Plaintiff applied for Short Term disability benefits under the terms of the Short Term Disability Plan.

17. The Guardian denied Plaintiff's claim on May 6, 2016. On August 16, 2016, Plaintiff appealed the denial of his claim for short term disability benefits.

18. On August 23, 2016, Plaintiff submitted his application for Long Term Disability benefits.

19. On or about October 27, 2016, The Guardian a rendered its decision on appeal, upholding the original denial of Short Term Disability benefits. Guardian never addressed Plaintiff's claim for Long Term Disability benefits.

20. Plaintiff exhausted his administrative remedies under the terms of the Short Term Disability plan by filing a timely appeal.

21. Plaintiff has exhausted his administrative remedies under the terms of the Long Term Disability Plan, as Guardian failed to render a decision on Plaintiff's claim for Long Term disability benefits in a timely fashion, and as such, Plaintiff, in submitting his claim for LTD benefits has been deemed to have exhausted his pre-litigation remedies.

22. The Guardian and the Plan have breached the Plans and violated ERISA in the following respects:

(a) Failing to pay STD & LTD benefit payments to plaintiff at a time when The Guardian and the Plan knew, or should have known, that plaintiff was entitled to those benefits under the terms of the STD & LTD Plans, as plaintiff was disabled and unable to work and therefore entitled to benefits. Even though The Guardian and the Plans had such knowledge, The Guardian denied plaintiff's STD benefits, and never rendered a decision on Plaintiff's claim for LTD benefits;

(b) Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the denial of plaintiff's claims for benefits;

(c) After plaintiff's claim was denied in whole or in part, The Guardian failed to adequately describe to plaintiff any additional material or information necessary for plaintiff to perfect his claim along with an explanation of why such material is or was necessary; and

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

(d)     Failing to properly and adequately investigate the merits of plaintiff's disability claim and failing to provide a full and fair review of plaintiff's claim.

23.     Plaintiff is informed and believes and thereon alleges that defendants wrongfully denied plaintiff's disability benefits under the Plans, by other acts or omissions of which plaintiff is presently unaware, but which may be discovered in this future litigation and which plaintiff will immediately make defendants aware of once said acts or omissions are discovered by plaintiff.

24.     Following the denial of benefits under the STD Plan, and failure to render a decision under the LTD Plan, plaintiff exhausted all administrative remedies required under ERISA, and plaintiff has performed all duties and obligations on plaintiff's part to be performed under the Plans.

25.     As a proximate result of the aforementioned wrongful conduct of The Guardian, plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

26.     As a further direct and proximate result of this improper determination regarding plaintiff's STD claim, and failure to render a decision of Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), plaintiff is entitled to have such fees and costs paid by Defendants.

27.     The wrongful conduct of The Guardian and the Plans has created uncertainty where none should exist. Therefore, plaintiff is entitled to enforce his rights under the terms of the Plans and to clarify his right to future benefits under the terms of the Plans.

## REQUEST FOR RELIEF

WHEREFORE, plaintiff prays for relief against defendants as follows:

1.     Payment of disability benefits due plaintiff up to and including the date of Judgment;

2. An order declaring that plaintiff is entitled to immediate payment of all past due benefits, reinstatement to the STD & LTD Plan, with all ancillary benefits to which she is entitled by virtue of his disability, and that benefits are to continue to be paid under the Plans for so long as plaintiff remains disabled under the terms of the Plans;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: January 25, 2017                               KANTOR & KANTOR, LLP

                                                By:   /s/ Andrew M. Kantor
                                                      Andrew M. Kantor
                                                      Attorneys for Plaintiff
                                                      Nicholas Zakas

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525